**In the Matter of the ARBITRATION BETWEEN IFC INTERCONSULT, AG, Petitioner,**

**and**

**SAFEGUARD INTERNATIONAL PARTNERS, LLC, Respondent.**

No. 04–00107.

United States District Court, E.D. Pennsylvania.

Sept. 5, 2004.

Peter F. Vaira, William J. Murray. Jr., Vaira & Riley PC, Philadelphia, PA, Benjamin R. Nagin, Catherine B. Winter, James D. Zirin, Sidley Austin Brown & Wood, LLP, New York City, for IFC Interconsult, AG.

Bruce Bellingham, Paul R. Rosen, Spector Gadon & Rosen PC, Philadelphia, PA, for Safeguard Intern. Partners, LLC.

## MEMORANDUM

KATZ, Senior District Judge.

IFC Interconsult AG ("IFC") and Safeguard International Partners, LLC ("Safeguard") entered into a written agreement dated July 25, 1996 (as amended, the "Agreement") whereby IFC agreed to act as placement agent for a proposed investment limited partnership, the Safeguard International Fund, L.P. ("Fund"). Safeguard agreed to act as General Partner in the Fund. Pursuant to the Agreement, IFC would seek limited partner capital commitment subscriptions for the Fund from investors identified in the Agreement's exhibits. In return for its services, IFC was contractually entitled under the Agreement to compensation in the form of placement and bonus fees as well as certain future rights.

Although IFC raised several hundred million dollars in subscriptions for the Fund, it did not receive any compensation from Safeguard. In January 2002, IFC notified Safeguard that it had assigned

forty percent of its right to payment under the Agreement to Carter Financial Corporation ("CFC"), a Delaware corporation solely owned by George Carter. Safeguard refused to consent to the assignment. The Agreement provided that "in the event of any dispute arising under this Agreement, [the parties] will submit the dispute to binding arbitration in the City of Philadelphia, Pennsylvania under the rules of the American Arbitration Association." On August 19, 2002, IFC filed a demand for arbitration before the American Arbitration Association ("AAA") seeking to recover commissions and fees due under the Agreement from Safeguard. IFC listed George Carter and CFC as additional claimants on the demand and named Safeguard and the Fund as respondents.

Shortly after the demand for arbitration was filed, Safeguard and the Fund filed a federal action seeking a declaratory judgment on the arbitrability of this fee dispute, but their complaint was dismissed on jurisdictional grounds. On October 3, 2002, Safeguard and the Fund filed a complaint in the Court of Common Pleas for Philadelphia County also seeking a declaratory judgment. Safeguard and the Fund argued that George Carter, the Fund, and CFC were not parties to the Agreement and therefore could not participate in the arbitration proceedings. The Honorable Gene D. Cohen, presiding over case, held a hearing on Safeguard's petition for a preliminary injunction to stay the arbitration proceedings pending resolution of claims in the state court. On November 1, 2002, Judge Cohen issued an Order that stated in relevant part:

Upon consideration of the Petition for Preliminary Injunction ... the Court finds that Safeguard International Fund, LP, Carter Financial Corporation, and George H. Carter are not proper parties to the arbitration agreement between Safeguard International Partners, LLC, and Interconsult, AG. It is therefore ORDERED and DECREED that the said Petition is granted and all arbitration proceedings involving Safeguard International Fund, LP, George H. Carter and Carter Financial Corporation are STAYED. It is further ordered that Safeguard International Partners, LLC and IFC Interconsult, AG, shall proceed as agreed by filing in Philadelphia for arbitration....

Order dated November 1, 2002, Court of Common Pleas for Philadelphia County Commerce Program (Case No. 04980).

On January 16, 2003, IFC filed an amended demand for arbitration naming only Safeguard as the respondent, in accordance with Judge Cohen's ruling. After consultation with and comment by the parties, the AAA appointed Stephen W. Armstrong, Esq., Bennett G. Picker, Esq. and Theodore R. Mann, Esq. ("the Panel") to serve as arbitrators. In the course of the arbitration, Safeguard admitted that it did not pay the fees set forth in the Agreement, but argued that IFC was no longer entitled to those fees because Safeguard had terminated its agency with IFC for cause due to IFC's alleged fraud.[1] After nearly a week of arguments during which both parties appeared in Philadelphia, Pennsylvania as per the terms of the Agreement, the review of approximately 300 exhibits marked for identification, extensive pre-hearing and post-hearing briefing, and after considering all the evidence, the Panel made its final award ("Award") on June 7, 2004. The Panel directed that "[w]ithin thirty (30) days from the date

1. Details of these allegations are not relevant here, but in short, Safeguard alleged that IFC committed fraud by profiting in a sale of its interests in the Fund to the Basel Landschaftlicke Pensionkasse through a transaction involving an off-shore shell corporation.

that the Association transmits this Final Award to the parties, the Respondent shall pay the Claimant the total sum of THREE MILLION, NINE HUNDRED FOURTEEN THOUSAND, FOUR HUNDRED TWO DOLLARS AND SEVENTY TWO CENTS ($3,914,402.72) to satisfy this Final Award."

On June 9, 2004, IFC filed a Petition to Confirm Arbitration Award in the U.S. District Court for the Eastern District of Pennsylvania. This court has jurisdiction pursuant to Title 28 U.S.Code Section 1332. In response, Safeguard filed a Motion to Dismiss Petition to Confirm Arbitration Award pursuant to Federal Rule of Civil Procedure 12(b)(6). In this Motion, Safeguard asserts that CFC and George Carter indirectly participated in the arbitration proceedings in violation of Judge Cohen's November 1, 2002 Order.[2] Safeguard also filed an Application to Modify, Correct and/or Vacate the Arbitration Award in the Court of Common Pleas for Philadelphia County. In this application, which Safeguard filed on July 8, 2004, Safeguard claims that the Award is invalid because of Carter and CFC's involvement in the arbitration and also argues that this federal action is an improper attempt by IFC to usurp jurisdiction from the state court. On July 15, 2004, IFC filed a petition for a temporary restraining order and preliminary injunction with this federal court, seeking to enjoin Safeguard from proceeding with its application to vacate the Award in state court while this federal action to enforce the Award was pending. This court denied the request for a TRO.

The issue now before the court is whether it should abstain from deciding the Petition to Confirm Arbitration Award filed by IFC given the pending state court action with jurisdiction over the arbitration. Because the court finds that, as a legal question, the pending state action is not parallel and does not take precedence over the federal action, it will not abstain from resolving the pending Petition to Confirm and Motion to Dismiss. Safeguard argues that because the Court of Common Pleas had issued a pre-arbitration order interpreting the Agreement, any issues regarding the validity or enforcement of the arbitration award should be also resolved in Common Pleas Court. See Mem. in Support of Rule 12(b)(6) Motion at 9. As support, Safeguard cites the abstention doctrine as outlined by the Supreme Court in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). See Mem. in Support at 11. In *Colorado River,* the Court stated that in certain circumstances, principles of "judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" warrant federal abstention from pending state court matters. The factors identified by the *Colorado River* Court for deciding the "appropriateness of dismissal in the event of an exercise of concurrent jurisdiction" include (1) which court first assumed jurisdiction over property; (2) "the inconvenience of the federal forum;" (3) "the order in which jurisdiction was obtained by the concurrent forums;" (4) and the "desirability of avoiding piecemeal litigation." *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236 (internal citations omitted).

Applying the factors identified in *Colorado River,* this court finds that federal abstention is not appropriate. First, there is no state court jurisdiction over any

---

**2.** Safeguard states that CFC and George Carter's illicit participation is evidenced by the fact that Carter actually paid IFC's arbitration costs, IFC's president did not attend all the arbitration hearings, and George Carter pleaded his personal losses to the Panel. *See* Memo, in Support of Safeguard's Rule 12(b)(6) Motion at 5–6.

property relating to the arbitration between IFC and Safeguard. Second, although Safeguard argues that the federal forum is inconvenient because CFC and George Carter cannot be joined as they would destroy diversity, the joinder of these two parties is not necessary to resolve whether or not to confirm whether the Award in favor of IFC and against Safeguard should be confirmed. Therefore the federal forum is no less convenient for either IFC or Safeguard than the Philadelphia Court of Common Pleas. Third, Safeguard filed its case in the Court of Common Pleas in October 2002, however, Judge Cohen ordered that the state court prothonotary mark that case "discontinued" on February 26, 2003, well before IFC filed this action in federal court. It is also unclear whether Safeguard has properly reopened the Common Pleas case by filing its Application to Modify on July 8, 2004 because Judge Cohen's February 26, 2003 Order stated that a party must request a restoration of the case to the trial list by a formal motion, which Safeguard has not filed. *See* IFC's Reply Brief at 4–5. *See also Bass v. Butler*, 258 F.3d 176, 179 (3d Cir.2001) (ruling that federal court should not abstain where state court case had "run the course," since abstention doctrine "provides for federal deference to ongoing, not completed, parallel state proceedings."). Even if the reopened Common Pleas case is deemed "concurrent," it concerned a declaratory judgment concerning which parties could participate in the arbitration pursuant to the terms of the Agreement. As such, it is not parallel to the action filed in federal court, which concerns whether the arbitration award should be confirmed. As for the final *Colorado River* factor, this court recognizes the desirability of resolving the matter in one forum, but finds any risk of fractured proceedings outweighed by the importance of the federal court properly exercising its jurisdiction. The prior discontinued state court case is insufficient to invoke the unusual practice of federal court abstention. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that the task in abstention cases is "not to find some substantial reason for the exercise of federal jurisdiction by the district court [but] to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction.").

In its argument in favor of federal abstention, Safeguard analogizes its position to that of the defendant in *Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332 (4th Cir.2002). In that case, Barker sued Vulcan in California state court, but Vulcan successfully petitioned that court to compel Barker to submit to arbitration instead. Following an arbitration award in favor of Barker, Vulcan filed a federal action in Virginia seeking to vacate the award. *Id.* at 335. Shortly after the federal suit was filed, the same California state court upheld the award and denied another motion by Vulcan to vacate the award. Two weeks later, however, the federal district court ruled in favor of Vulcan and vacated the award. The Court of Appeals for the Fourth Circuit held that the district court should have abstained pursuant to *Colorado River* since the federal forum was inconvenient, the district court decision created piecemeal, conflicting litigation, and the state court had an ongoing parallel proceeding dealing with the same issues that had been filed before the federal action and had already reached a conclusion. *Id.* at 340–42. In addition, the Court of Appeals noted that Vulcan and Barker's contract had stated that the parties would submit to arbitration administered by the California court system, making resolution of the claim in federal court in the Western District of Virginia

not only inconvenient but inappropriate. *Id.* at 339–40. *Vulcan* is distinguishable from this case because the Court of Common Pleas has neither confirmed nor vacated the Award yet, the Common Pleas case was discontinued over a year before this federal case was initiated, and the Agreement did not name any particular court, but rather stated that the parties would submit to arbitration in Philadelphia, where this federal court is located.

The court declines to abstain from exercising its jurisdiction in this case and finds that the arbitration was conducted within the rules established by the AAA and with no apparent objection by either party during the proceedings and therefore the Award is confirmed.